IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JESSICA MAEZ,

       Plaintiff,

vs.                                                                          No. CIV 24-0882 JB/JFR

FRANK BISIGNANO, Commissioner,
Social Security Administration,

       Defendant.

**MEMORANDUM OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S
PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

      **THIS MATTER** comes before the Court on the Magistrate Judge's Proposed Findings
and Recommended Disposition, filed June 9, 2025 (Doc. 26)("PFRD").  Objections were due by
no later than June 23, 2025.  The parties have not filed any objections.  The failure to make timely
objections to the Magistrate Judge's Proposed Findings and Recommended Disposition waives
appellate review of both factual and legal questions.  See United States v. One Parcel of Real
Property, 73 F.3d 1057, 1059 (10th Cir. 1996)("One Parcel").  The Court does not review the
PFRD de novo, because there are no objections, but carefully reviews the PFRD to see if it is
clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.  Because the
PFRD is not clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion, the
Court: (i) adopts the PFRD; and (ii) grants Plaintiff's Opposed Motion to Reverse or Remand, filed
January 24, 2025 (Doc. 17).

**LAW REGARDING OBJECTIONS TO THE PFRD**

      District courts may refer dispositive motions to a Magistrate Judge for a recommended
disposition.  See Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the required
proceedings when assigned, without parties' consent, to hear a pretrial matter dispositive of a claim

or defense . . . .").  Rule 72(b)(2) governs objections: "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2).  Under the Rule, when resolving objections "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).  Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C).

"The filing of objections to the magistrate's report enables the district judge to focus attention on those issues --factual and legal-- that are at the heart of the parties' dispute."  One Parcel, 73 F.3d at (quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)).  As the United States Court of Appeals for the Tenth Circuit notes, "the filing of objections advances the interests that underlie the Magistrate's Act[, 28 U.S.C. §§ 631-39], including judicial efficiency."  One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kan. Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986)).

The Tenth Circuit holds "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  One Parcel, 73 F.3d at 1060.  "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, ha[s] adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal

questions.'" One Parcel, 73 F.3d at 1059 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)).  "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act."  One Parcel, 73 F.3d at 1060.  In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."  Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996).  See United States v. Garfinkle, 261 F.3d 1030, 1030-31 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").  In an unpublished opinion, the Tenth Circuit states that "the district court correctly held that [a plaintiff] had waived argument by failing to raise it before the magistrate." Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007).[1]

The Tenth Circuit also notes, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'" One Parcel, 73 F.3d at 1060 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and

---

[1]Pevehouse v. Scibana is an unpublished opinion, but the Court can rely on a Tenth Circuit unpublished opinion to the extent its reasoned analysis is persuasive in the case before it.  See 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit states:

> In this circuit, unpublished orders are not binding precedent, . . . [a]nd we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court concludes that Pevehouse v. Scibana has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

recommendations.")).  In <u>One Parcel</u>, the Tenth Circuit notes that the district judge decided sua sponte to conduct a de novo review despite the lack of specificity in the objections, but the Tenth Circuit holds that it would deem the issues waived on appeal, because such actions advance the interests underlying the waiver rule.  <u>See</u> 73 F.3d at 1060-61 (citing cases from other Courts of Appeals where district courts elect to address merits despite potential application of waiver rule, but Courts of Appeals opt to enforce waiver rule).

Where a party files timely and specific objections to the Magistrate Judge's PFRD "on . . . dispositive motions, the statute calls for a de novo determination, not a de novo hearing."  <u>United States v. Raddatz</u>, 447 U.S. 667, 674 (1980)("<u>Raddatz</u>").  The Tenth Circuit states that a de novo determination, pursuant to 28 U.S.C. § 636(b), "requires the district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation."  <u>In re Griego</u>, 64 F.3d 580, 583-84 (10th Cir. 1995).  The Supreme Court of the United States notes that, although a district court must make a de novo determination of the objections to recommendations under 28 U.S.C. § 636(b)(1), the district court is not precluded from relying on the Magistrate Judge's PFRD.  <u>See</u> <u>Raddatz</u>, 447 U.S. at 676 ("[I]n providing for a 'de novo determination' rather than de novo hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations.")(quoting 28 U.S.C. § 636(b)(1)).   <u>See</u> <u>Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42 of Stephens Cnty., Okla.</u>, 8 F.3d 722, 724-25 (10th Cir. 1993)(holding that the district court's adoption of the Magistrate Judge's "particular reasonable-hour estimates" is consistent with a de novo determination, because "the district court 'may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.'" (quoting 28 U.S.C. § 636(b)(1))(emphasis in <u>Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42 of Stephens Cnty., Okla.</u>)).

Where no party objects to the Magistrate Judge's PFRD, the Court reviews, as a matter of course in the past and in the interests of justice, the Magistrate Judge's recommendations. In Workheiser v. City of Clovis, No. CIV 12-0485, 2012 WL 6846401 (D.N.M. December 28, 2012)(Browning, J.)("Workheiser"), where the plaintiff fails to respond to the Magistrate Judge's PFRD, although the Court determines that the plaintiff "has waived his opportunity for the Court to conduct review of the factual and legal findings," the Court nevertheless conducts such a review. 2012 WL 6846401, at *3. The Court generally does not review, however, the Magistrate Judge's PFRD de novo and determine independently necessarily what it would do if the issues had come before the Court first, but rather adopts the PFRD where "[t]he Court cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous, arbitrary, [obviously] contrary to law, or an abuse of discretion." Workheiser, 2012 WL 6846401, at *3.

This review, which is deferential to the Magistrate Judge's work when there is no objection, nonetheless provides some review in the interest of justice, and seems more consistent with the waiver rule's intent than no review at all or a full-fledged review. Accordingly, the Court considers this standard of review appropriate. See Thomas v. Arn, 474 U.S. at 151 ("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate."). The Court is reluctant to have no review at all if its name is going to be at the bottom of the order adopting the Magistrate Judge's PFRD.

## ANALYSIS

The Court carefully reviews the PFRD. The Court does not review the PFRD de novo, because the parties do not object to it, but rather reviews the PFRD to determine if it is clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion. The Court determines

that the PFRD is not clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.  Accordingly, the Court adopts the recommendations.

       **IT IS ORDERED** that: (i) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed June 9, 2025 (Doc. 26), is adopted; and (ii) the Plaintiff's Opposed Motion to Reverse or Remand, filed January 24, 2025 (Doc. 17), is granted.

                                                _____

                                                UNITED STATES DISTRICT JUDGE

*Counsel:*

Benjamin E. Decker
Decker Law Office, LLC
Albuquerque, New Mexico

       *Attorneys for the Plaintiff*

Margaret Sobota
  Special Assistant United States Attorney
Social Security Administration
Baltimore, Maryland

       *Attorneys for the Defendant*